IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD HOLLEN, individually, and on behalf of all other similarly situated, | : : : | CIVIL ACTION<br><br>No. 24-6192 |
| v. | : : | |
| BIMBO BAKERIES USA, INC. | : | |

**ORDER**

AND NOW, this 27th day of October, 2025, upon consideration of Plaintiff's Unopposed Motion for Approval of Settlement (Dkt. No. 33), it is **ORDERED** the Motion is **GRANTED**:[1]

1. **Approval**. The Settlement Agreement is **APPROVED** as a fair and reasonable resolution of a bona fide dispute under 29 U.S.C. § 216(b). The parties shall implement the Agreement according to its terms and this Order.

2. **Conditional Certification**. For settlement administration only, the Court conditionally certifies a § 216(b) collective as defined in the Agreement: any current and former

---

[1] The Court finds:
 1. A bona fide dispute exists under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., concerning (a) regular-rate overtime calculations and (b) compensability/amount of donning-and-doffing time. The settlement was reached after arm's-length negotiations with the assistance of an experienced mediator.
 2. The Agreement is a fair and reasonable compromise of disputed claims that advances the remedial purposes of the FLSA. The settlement is non-reversionary, it contains no confidentiality provision, and it provides clear notice and a practical mechanism for opt-in and distribution.
 3. The proposed notice program—including mailing a notice with an individual settlement check, a 180-day stale date, reminder mailings, and skip tracing—is the practicable under the circumstances and reasonably calculated to inform putative opt-in Plaintiffs of the settlement. Cashing the check will serve as each individual's written consent to join the action under 29 U.S.C. § 216(b) and will effectuate the release described in the Agreement.
 4. The requested attorneys' fees of one-third of the Gross Settlement Fund, litigation costs up to $13,000, settlement administration costs up to $68,476, and a $7,500 service award to the Named Plaintiff, Gerald Hollen, are fair and reasonable.

hourly employees who worked at Defendant's bakeries, plants, and distribution centers during the Released Period, including Plaintiff and Opt-in Plaintiffs, and the Donning–and–Doffing Collective Members. The Court also appoints Plaintiff's counsel as Collective Counsel and RG/2 Claims Administration as settlement Administrator.

3. **Notice and Check Distribution**. The Administrator shall mail checks and Notices to all identified collective members, perform skip tracing, and issue reminder postcards consistent with the Agreement.

4. **Opt-In**. Depositing or cashing a settlement check within 180 days of issuance shall constitute (i) the individual's written consent under § 216(b) and (ii) acceptance of and agreement to the applicable release.

5. **Release**.
    a. For individuals who deposit or cash a settlement check, the release is limited to the claims identified in the Agreement for the applicable Released Period: (i) regular-rate overtime claims (FLSA and analogous state/local) for all participating workers; and (ii) donning–and–doffing claims for participating workers at the designated non-union facilities.
    b. Individuals who do not deposit or cash a settlement check do not release any claims.
    c. The Named Plaintiff's separate general release in exchange for the service award is **APPROVED**.

6. **Attorneys' Fees**. Collective Counsel is awarded fees in the amount of $761,408.33.

7. **Litigation Costs**. Collective Counsel is awarded costs up to $13,000, to be paid per the Agreement upon submission to the Administrator.

8. **Administration Costs**. The Administrator is awarded up to $68,476 in settlement administration costs, to be paid per the Agreement.

9. **Service Award**. The Court awards the Named Plaintiff, Gerald Hollen, a $7,500 service award in recognition of his contributions and broader release.

10. **No Reversion**. Funds from uncashed checks after the 180-day stale date shall not revert to Defendant and shall be distributed to Philabundance Food Bank, a § 501(c)(3) organization. A cy pres distribution report shall be filed with the Court.

11. **Dismissal**. This action is **DISMISSED WITHOUT PREJUDICE** as to the putative collective pending completion of distribution. Within 60 days after the check stale date, the parties shall file a status report with: (a) a list of deposited/cashed checks supported by a declaration from the Administrator and (b) a proposed form of final judgment. Upon that filing, the action will be **DISMISSED WITH PREJUDICE** as to all released claims of all individuals who deposited or cashed their settlement check and **DISMISSED WITHOUT PREJUDICE** as to all others.

12. **Jurisdiction**. The Court retains jurisdiction to enforce the Agreement and this Order, resolve any disputes arising from administration or distribution, and enter final judgment consistent with paragraph 11 of this Order.

13. To the extent the operative complaint pleads state-law Rule 23 claims, those claims are not certified or settled by this Order and are resolved only as to individuals who opt in and release per the Agreement. This Order expresses no view on the propriety of Rule 23 certification or settlement of any such claims for non-opt-ins.

BY THE COURT:


_/s/ Juan R. Sánchez_
Juan R. Sánchez, J.